UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
--------------------------------------------------------------------X
HAZEM ALSEGINY,

                            Plaintiff,

     -against-

MERCER COUNTY COMMUNITY COLLEGE and
INFINITY FLIGHT GROUP LLC.

                          Defendants.
--------------------------------------------------------------------X

**COMPLAINT**

**JURY TRIAL DEMANDED**

Plaintiff, HAZEM ALSEGINY, by and through the undersigned attorneys, alleges as follows:

**NATURE OF ACTION**

1. Plaintiff brings this action to remedy:

   a. Discrimination on the basis of race, religion, and national origin resulting in exclusion from participation in and denial of benefits of federally assisted programs in violation of: (a) the Title VI of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000d et seq.; and in discrimination on the basis of race, religion, and national origin in violation of (b) the New Jersey Law Against Discrimination, N.J.S.A. 10:5-12;

   b. Disparate Treatment under Title VI of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000d et seq.; and the New Jersey Law Against Discrimination, N.J.S.A. 10: 5-12;

   c. Retaliation in violation of Title VI of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000d et seq.; and the New Jersey Law Against Discrimination, N.J.S.A. 10: 5-12;

d.  Denial of Plaintiff's right to Due Process in violation of Article 1, Paragraph 1 of the New Jersey State Constitution;

e.  New Jersey state law claim for intentional infliction of emotional distress;

f.  New Jersey state law claim for negligence;

g.  New Jersey state law claim for negligent hiring and supervision;

h.  New Jersey state law claim for breach of contract;

i.  New Jersey state law claim for unjust enrichment;

j.  New Jersey state law claim for Negligent Infliction of Emotional Distress.

## JURISDICTION AND VENUE

2.  This Court has jurisdiction of Plaintiff's Title VI claims under 42 U.S.C. §2000d, 28 U.S.C. §§1331 and 1343.

3.  This Court has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. §1367(a), since Plaintiff's federal and state law claims arise from a common nucleus of operative facts and are so intertwined as to make the existence of supplemental jurisdiction over the state law claims appropriate.

4.  This Court has personal jurisdiction over Defendants because they are based and operate in New Jersey.

5.  Venue is proper in the District of New Jersey under 28 U.S.C. § 1391 because it is the judicial district in which the events or omissions giving rise to Plaintiff's claims occurred, where Plaintiff resides, and where Defendants are located.

## PARTIES

6.  Plaintiff Hazem Alseginy ("Plaintiff" or "Hazem") is presently 19-years-old and a citizen of the United States He is a Muslim man of Arab, Middle Eastern, and Egyptian descent.

2

He was enrolled in Mercer County Community College's Aviation program from September 5, 2022 through the time of his wrongful expulsion from the Aviation program on March 23, 2024, one semester before he was to complete his aviation certification.

7.    Mercer County Community College is an educational institution located at 1200 Old Trenton Road, West Windsor Township, New Jersey 08550.

8.    Mercer County Community College is a Domestic Non-Profit Corporation, organized and existing under the Laws of the State of New Jersey.

9.    Mercer County Community College receives federal funding and is therefore bound by Title VI of the Civil Rights Act, 42 U.S.C. §§ 2000d *et seq*.

10.    Infinity Flight Group LLC is a Pilot School organized and existing under the Laws of the State of New Jersey.

11.    Infinity Flight Group LLC provided Aviation Flight Program instruction to Mercer County Community College Aviation Flight Program students pursuant to a contract with Mercer County Community College (collectively "Defendants" or the "Flight Program").

12.    Defendants, as organizations existing under the Laws of the State of New Jersey, and operating in New Jersey, are bound by the New Jersey Law Against Discrimination, N.J.S.A. 10: 5-12.

## FACTUAL BACKGROUND & NATURE OF THIS COMPLAINT

13.    Plaintiff enrolled in the Mercer County Community College Aviation Flight Program (the "Flight Program") on September 5, 2022 for a five-semester program.

14.    During the course of his matriculation in the Flight Program, Plaintiff was subjected to undue and targeted scrutiny evidencing Defendants' bias against him. Flight

program protocols were selectively applied to Plaintiff, whereas other students were not disciplined for the same actions.

15.     These abuses mounted, culminating in Plaintiff's pretextual and arbitrary dismissal from the Flight Program during his final semester of enrollment. Plaintiff was inexplicably dismissed from the Flight Program on February 4, 2024, verbally and without a written determination.

16.     Throughout his time in the Flight Program, Professor Andrew Quinn ("Professor Quinn") exposed Plaintiff to extreme hostility. He never explained matters to him or instructed him in a respectful, and informative manner. He treated him with the intention to degrade him and make him feel worthless. Professor Quinn told Plaintiff that Flight Program staff are always there to help, and to come to him if there are any problems. In actuality, whenever Plaintiff would approach Professor Quinn, he was brushed off and disregarded.

17.     Plaintiff was placed in a compromised safety environment where Defendants not only instructed him fly solo under inappropriate circumstances, but they exposed Plaintiff to flight instruction that was given under the influence of marijuana, which put him in very stressful and unsafe situation leading to emotional harm.

18.     Prior to the February 3, 2024 solo night flight, Plaintiff had performed one night flight with an instructor named Aidan. During that flight, Aidan was leisurely recording videos while Plaintiff was flying. He did not bother to give Plaintiff tips, warnings, or call-outs for potential dangers as a flight instructor typically does on a guided training flight. Plaintiff had not received adequate training to perform a solo night flight.

19.     On February 3, 2024, Plaintiff was scheduled for another night flight under Aidan's guidance. On the runway, with no prior briefing or notice, Aidan informed Plaintiff that

he would be performing a solo night flight rather than a guided one. Plaintiff noted his lack of sleep to Aidan. Plaintiff articulated his concerns about proceeding solo without adequate prior instruction.

20.     On February 3, 2024, Aidan insisted that Plaintiff was ready to perform a solo night flight and dismissed Plaintiff's legitimate safety concerns.

21.     During the solo night flight on February 3, 2024, Plaintiff made minor errors due to lack of sleep and confusion regarding directions from Air Traffic Control as he did not have anyone to instruct him. Aidan's insistence that Plaintiff perform a solo night flight after only making only one prior night flight without basic instructor guidance placed Plaintiff and others in serious danger. Plaintiff was afraid for his life and safety. He was confused and scared.

22.     On February 4, 2024, Plaintiff attended a panel review meeting with Professor Quinn, the safety coordinator of the program, and Gregory John, the founder and president of Infinity Flight Group. The tone of the meeting was demeaning. Plaintiff was not given the opportunity to address his concerns about how the Flight Program had treated him, placing his safety at risk and suddenly creating pretextual bases for his dismissal from the program. Despite Aidan insisting that Plaintiff fly solo on February 3, 2024, Professor Quinn told Plaintiff that he should have cancelled the flight. At this meeting, Professor Quinn informed Plaintiff that he was dismissed from the program.

23.     At the February 4, 2024 panel review meeting, Defendants verbally dismissed Plaintiff without any notice or process. He needed only to complete his final semester in the program to receive his certificate.  Plaintiff was dismissed verbally. He never received written notice of his dismissal from the Flight Program. The dismissal was neither preceded by prior disciplinary action nor notice that a dismissal was impending.

5

24.     On February 4, 2024, Plaintiff wrote to the Committee on Student Grievances Concerning Programs to appeal against his sudden dismissal from the Flight Program. Plaintiff's appeal expressed his shock at the sudden dismissal without prior warning or preceding disciplinary action, and the Flight Program's sudden focus on bases for dismissal which were not held out to him as incidents meriting disciplinary action at the time that they occurred.

25.     On March 13, 2024, Plaintiff met again with Professor Quinn and Dean Laura Sosa. Plaintiff's mother and brother were also in attendance to accompany him. As during the February 4, 2024 panel review meeting, Plaintiff was not given the opportunity to address his concerns about how the Flight Program treated him, placing his safety at risk and creating pretextual bases for his dismissal from the program. The March 13, 2024 meeting did not function as an appeal hearing, because Defendants already set out to dismiss Plaintiff with pretextual bases only fully enumerated after, in a later determination letter.

26.     Inexplicably, the Flight Program issued a final determination on March 23, 2024, upholding Plaintiff's dismissal from the program.

27.     The Flight Program's decision to terminate Plaintiff was memorialized in the Flight Program's Determination Letter to Plaintiff (the "Determination Letter"), dated March 23, 2024.

28.     Following Plaintiff's exposure to hostile environment, including endangering his safety, Defendants blamed Plaintiff for their own actions and used them a basis for his wrongful dismissal without due process as set forth in the Determination Letter.

29.     The Determination Letter set forth a laundry list of unconnected and pretextual bases for Plaintiff's dismissal from the Flight Program. The Determination Letter clearly shows that Plaintiff was subjected to a level of scrutiny not applied to his peers in the Flight Program,

and several of the Determination Letter's contentions exhibit a blatantly pretextual basis for Plaintiff's dismissal, evincing Defendants' discriminatory intent towards him.

30.     For instance, in the Determination Letter, Plaintiff was admonished for having informed the Flight Program that his instructor trained him on a guided tandem flight while under the influence of marijuana. The Determination letter condemned Plaintiff for not having reported his instructor sooner than he did, and the Flight Program concluded that his delay reflected negatively on Plaintiff's own judgment.

31.     The Flight Program should have acknowledged that Plaintiff placed himself in the uncomfortable position of reporting an instructor for the collective safety of all students and instructors, and applauded his commitment to safety standards. Instead, the Determination Letter framed Plaintiff's whistleblowing about an unsafe environment as a factor in reaching his undue and arbitrary dismissal.

32.     The Determination Letter cited an October 26, 2023 solo flight incident as a factor in his undue and arbitrary dismissal from the Flight Program. After Plaintiff's solo flight on October 26, 2023, Trenton Airport staff found the gas cap from Plaintiff's plane on the airport runway. The Determination Letter concluded that the gas cap was found because Plaintiff improperly secured it, and framed the October 26, 2023 gas cap incident as a factor in his undue and arbitrary dismissal.

33.     On October 26, 2023, Plaintiff's flight itinerary was from Trenton Mercer Airport to Reading, Pennsylvania, Reading, Pennsylvania to Lancaster, Pennsylvania, Lancaster, Pennsylvania to Doylestown, Pennsylvania, and then from Doylestown back to Trenton Airport.

34.     Plaintiff confirmed that the gas cap was secured prior to his departure, and the gas cap may have been incorrectly attached to the plane or dropped by another flight student after

Plaintiff's flight. There was never an investigation which issued a conclusive finding that the gas cap was found on the Trenton Airport runway due to any error on Plaintiff's part. The Flight Program merely assumed that to be the case.

35.     Flying without a gas cap attached would likely have caused Plaintiff to leak fuel. A missing gas cap would likely have caused a notable decrease in fuel levels. That there was no decrease in fuel levels beyond normal flight expenditure is contrary to the Flight Program's finding that Plaintiff was flying without a secured gas cap. Plaintiff's fuel levels having been normal throughout the flight should have at least prompted further investigation.

36.     The Flight Program did not consider that the gas cap may have been found on the Trenton Mercer Airport runway due to errors attributable to another Flight Program student who flew the plane after Plaintiff's return. The Flight Program attributed the error to Plaintiff without due investigation or a substantiating evidentiary finding, even though there was cause for further inquiry.

37.     The Determination Letter cited the October 26, 2023 gas cap incident as a factor in his undue and arbitrary dismissal from the Flight Program.

38.     The Determination Letter also cited a February 3, 2024 solo night flight incident as a factor in his undue and arbitrary dismissal from the Flight Program, for having proceeded with the night flight despite lack of sleep.

39.     Despite the guidance from the Flight Program that Plaintiff's minor errors were an opportunity for growth, the Determination letter cited the February 3, 2024 solo night flight incident as a factor weighing in favor of Plaintiff's undue and arbitrary dismissal from the Flight Program.

40.     The Determination Letter drew attention to FRAT (Flight Risk Assessment Tool) form protocols, and cited Plaintiff's error in not completing a FRAT form prior to the February 3, 2024 night flight incident as a factor in his dismissal.

41.     Throughout Plaintiff's training, his instructors consistently communicated the non-essentiality of FRAT (Flight Risk Assessment Tool) forms prior to flight departure. Some instructors advised Plaintiff against FRAT form completion to save pre-flight time. In particular, Plaintiff's instructor Yunus advised that FRAT forms were not necessary for assessing weather conditions. Moreover, Plaintiff noted his lack of sleep to his instructor, Aidan, prior to the February 3, 2024 solo night flight—a detail which would have been included in the FRAT form—and his instructor insisted that he fly.

42.     Despite contrary instruction from Plaintiff's instructors, the Flight Program selectively enforced FRAT form protocols to serve as a pretextual basis and factor in his dismissal from the Flight Program.

43.     Additionally, the Determination Letter referred to the Flight Program having learned from an unnamed lead instructor that Plaintiff posted a video that he recorded while on a solo flight to his social media. Whether this information came from an unnamed lead instructor at all is questionable, because Defendants selectively monitored Plaintiff's social media activity. The Determination Letter does not refer to a specific student guideline or Flight Program safety protocol prohibiting in-flight photography.

44.     Defendants selectively monitored Plaintiff's posting and used the information as a basis for his dismissal, such as taking pictures and recording brief videos while flying. Other students who posted videos and pictures taken while in flight were not monitored, scrutinized, nor subjected to any form of disciplinary action.

45.     The Determination Letter exhibited a stance about video recordings and social media postings which was incongruous with the standard and prevailing practice held out informally by the Flight Program.

46.     Flight Program students and flight instructors commonly took brief video recordings or pictures during flights, shared these short clips with each other and their instructors, and posted them to social media. Students routinely posted these recordings and pictures to social media platforms. The Flight Program holds this out as an acceptable practice and does not discipline students or instructors for safely taking brief recordings or pictures during flights. Flight program students follow the example set by their instructors, who themselves take pictures and short video recordings during guided flights.

47.      Other students and even Flight Program instructors who are neither Muslims, Arabs nor Egyptians record videos and post them routinely without being blamed or dismissed. The Determination Letter held out one instance of Plaintiff's video recording and posting as evidence of his malfeasance.  The Flight Program individually targeted Plaintiff for posting a brief video of a flight to social media, when other students and instructors have done so without facing disciplinary measures. The Flight Program applied this standard to Plaintiff alone.

48.     Defendants' selective scrutiny of Plaintiff is evidenced by their monitoring of his social media platform profiles and documenting the videos that he posts, especially when this same level of scrutiny is not applied to Plaintiff's peers in the Flight Program.

49.     The Determination Letter cited Plaintiff's video post as a factor leading to Plaintiff's undue and arbitrary dismissal from the Flight Program. Plaintiff was treated differently from other students and instructors who did not share the same religious, racial, and ethnic background.

50.    The Flight Program failed to follow its own established disciplinary procedures in discriminatorily and arbitrarily dismissing Plaintiff without cause. Plaintiff was never placed on academic or disciplinary probation prior to his dismissal. He never received written warnings which would have led him to believe that he was not in good standing with the Flight Program. His informal verbal dismissal was sudden, swift, and without appropriate notice. It was based on prejudice towards Plaintiff.

51.    Defendants did not only blame Plaintiff for their own failures but failed to follow a basic requirement to preserve Plaintiff's procedural rights. In addition to not following established disciplinary procedures, the Flight Program selectively applied or altogether fabricated bases to serve as a pretextual basis for his dismissal. This is evidenced by Defendants' monitoring of Plaintiff's social media platform for videos that he has posted, or admonishing him for reporting an instructor who took him on a guided flight while under the influence of marijuana.

52.    Plaintiff has aspired to become an airline pilot since childhood, and his mistreatment by the Defendants while enrolled in the Flight Program has been both personally and financially devastating.

53.    The Flight Program's discriminatory and arbitrary dismissal on unfounded and pretextual bases has caused Plaintiff extreme distress.

54.    Plaintiff worked every weekend to earn money to pay for his tuition fees and associated costs in the program, such as charges and costs to accrue flight hours (fees for which are significant).

55.    Plaintiff's distress due to his arbitrary and discriminatory dismissal has been magnified by instances where he was subjected to an unsafe environment, which the program

then twisted as a pretext to dismiss him. The Flight Program had a duty to ensure Plaintiff's

safety, but instead actively put Plaintiff and other students at risk.

56.    The Flight Program subjected Plaintiff to flying with an intoxicated instructor,

and without notice, encouraged him to take a solo flight at night without an instructor, despite

not having received prior proper training. These instances would have been distressing enough

on their own, but are magnified by their usage as pretexts for Defendants' wrongful dismissal of

Plaintiff.

57.    Plaintiff was current on his tuition payments and fully paid for all associated fees

and costs. He timely and diligently made all payments with the expectation of receiving a quality

education in the field of aviation. That is not what he received in the Flight Program. Instead, he

faced discriminatory abuse and was subjected to an unsafe and hostile environment and then a

wrongful dismissal.

58.    Defendants' undue, arbitrary, and discriminatory dismissal have placed a

significant financial burden on Plaintiff and have impeded his career trajectory. Plaintiff's credits

were not fully transferable and he has not been able to recoup costs associated with accruing

flight hours.

59.    While enrolled in the Flight Program, Plaintiff was upsold and overcharged for

accruing flight hours. In his first semester, Plaintiff was encouraged to fly on the most expensive

plane offered. Plaintiff later learned that he should not have been flying in that type of plane as a

novice, because it requires a more experienced pilot, although it is more expensive to fly. The

Flight Program prioritized charging students the maximum amount per flight, rather than having

students be trained in safely in experience-appropriate and cost-effective planes.

60.    Plaintiff's career trajectory has also been delayed by Defendants' undue, arbitrary, and discriminatory dismissal. Plaintiff was dismissed from the flight program in his final semester. Rather than graduate in the expected timeframe, Plaintiff has had to take a gap in his studies to gain admission to a comparable aviation program. This has consequently delayed Plaintiff's timeframe for attaining gainful employment in his desired field.

61.    Defendants received fees and associated costs from Plaintiff, in return, Plaintiff received abuse, disparate treatment, discriminatory dismissal, and an impediment to rather than a furthering of his educational and career-related goals.

62.    Plaintiff was wrongfully dismissed without any credit to transfer to other schools of the full four semesters that he successfully completed. The dismissal occurred in Plaintiff's final semester prior to his completion of the full program. Defendants received all required tuition payments from Plaintiff.

63.    Yet, Plaintiff never received an official warning, nor was he placed on disciplinary probation at any time during his matriculation in the Flight Program.

64.    Plaintiff appealed the Flight Program's dismissal decision. He was shocked and deeply affected by the news. This outcome was totally unexpected, because Plaintiff received no prior official warning and was not subject to any disciplinary actions during his time in the Flight Program. As a result, he was degraded, hopeless, and financially depleted.

## FIRST CLAIM FOR RELIEF
### (Discrimination in Violation of Title VI & NJLAD)

65.    Plaintiff repeats and realleges each and every allegation contained in paragraph "1" through paragraph "64" above with the same force and effect as if fully set forth herein.

66.     Mercer County Community College and Infinity Flight Group LLC, acting

individually and in concert with each other, have discriminated against Plaintiff and continued to

treat him differently from other students.

67.     Defendants engaged in wrongful interference with Plaintiff's matriculation by

subjecting him to increased oversight and monitoring, including an individualized monitoring of

Plaintiff's social media activity, and subjected Plaintiff to increased and pretextual selective

application of disciplinary procedures culminating in unwarranted and pretextual dismissal on

the basis of his race, religion, and national origin,  in violation of Title VI of the Civil Rights act

of 1964, as amended, 42 U.S.C. § 2000d et seq, and the New Jersey Law Against Discrimination,

N.J.S.A. 10:5-12.

68.     As a result of wrongful actions of all Defendants complained of herein, Plaintiff

has suffered severe damages in the form of humiliation, embarrassment, emotional distress,

physical injury, as well as money damages including but not limited to tuition fees and costs

associated with flight training.

## SECOND CLAIM FOR RELIEF
### (Disparate Treatment in Violation of Title VI & NJLAD)

69.     Plaintiff repeats and realleges each and every allegation contained in paragraphs

"1" through paragraph "68" above with the same force and effect as if fully set forth herein.

70.     Mercer County Community College and Infinity Flight Group LLC, acting

individually and in concert with each other, have discriminated against Plaintiff and treated him

differently from other students and continued to do so throughout his matriculation by subjecting

him to increased oversight and monitoring to which other similarly situated students were not

subjected.

71.    Defendants subjected Plaintiff to disciplinary standards which were not applied to other students culminating in unwarranted and pretextual dismissal on the basis of his race, religion, and national origin, in violation of Title VI of the Civil Rights act of 1964, as amended, 42 U.S.C. § 2000d et seq, and the New Jersey Law Against Discrimination, N.J.S.A. 10:5-12.

72.    As a result of wrongful actions of all Defendants complained of herein, Plaintiff has suffered severe damages in the form of humiliation, embarrassment, emotional distress, physical injury, as well as money damages including but not limited to tuition fees and costs associated with flight training.

## THIRD CLAIM FOR RELIEF
### (Retaliation in Violation of Title VI & NJLAD)

73.    Plaintiff repeats and realleges each and every allegation contained in paragraph "1" through paragraph "72" above with the same force and effect as if fully set forth herein.

74.    Mercer County Community College and Infinity Flight Group LLC, acting individually and in concert with each other, have retaliated against Plaintiff for having questioned why he was being treated differently from other students, raising safety concerns concomitant with flight instructors providing flight supervision while under the influence of marijuana, and subjecting him to disciplinary standards which were not applied to other students.

75.    Plaintiff's questioning of Defendants' selective application, culminated in an unwarranted and pretextual dismissal on the basis of his race, religion, and national origin, in violation of Title VI of the Civil Rights act of 1964, as amended, 42 U.S.C. § 2000d et seq, and the New Jersey Law Against Discrimination, N.J.S.A. 10:5-12.

76.    As a result of the wrongful actions of all Defendants complained of herein, Plaintiff has suffered severe damages in the form of humiliation, embarrassment, emotional

distress, physical injury, as well as money damages including but not limited to tuition fees and costs associated with flight training.

**FOURTH CLAIM FOR RELIEF**
**(Denial of Due Process in violation of the New Jersey State Constitution)**

77.    Plaintiff repeats and realleges each and every allegation contained in paragraph "1" through "76" above with the same force and effect as if fully set forth herein.

78.    The New Jersey State Constitution enshrines a right of procedural due process for public university students, such that they cannot be dismissed arbitrarily and without cause.

79.    Defendant Mercer County Community College failed to follow its own fundamentally fair established procedures where Defendant dismissed Plaintiff without prior placing him on academic or disciplinary probation prior to his dismissal. Defendant provided Plaintiff with zero written warnings prior to a sudden and arbitrary dismissal, other than a pretextual hearing, a sham appeals process, and final determination letter, all of which did not afford Plaintiff with a fair opportunity to be heard and merely served to further Plaintiffs' dismissal, which Defendant Mercer County Community College clearly set out to do prior to proceeding with any minimal and inadequate process provided.

80.    Defendant Mercer Community College, if it did follow its own procedures, followed fundamentally unfair established procedures where it selectively applied or altogether fabricated pretextual bases for Plaintiff's dismissal from the Flight Program. Defendant Mercer County Community College never provided Plaintiff with written warnings or notice of disciplinary actions which would typically prefigure a dismissal. If Defendant followed its own established procedures, then those procedures are fundamentally unfair.

81.    As a result of the wrongful actions of Defendants Mercer County Community College complained of herein, Plaintiff was denied of due process afforded to him and enshrined

under the New Jersey State Constitution, and consequently has suffered severe damages in the form of humiliation, embarrassment, emotional distress, physical injury, as well as money damages including but not limited to tuition fees and costs associated with flight training.

### FIFTH CLAIM FOR RELIEF
**(Intentional Infliction of Emotional Distress)**

82.     Plaintiff repeats and realleges each and every allegation contained in paragraph "1" through "81" above with the same force and effect as if fully set forth herein.

83.     Mercer County Community College and Infinity Flight Group LLC, acting individually and in concert with each other, intentionally inflicted severe emotional distress upon Plaintiff by acting recklessly in deliberate disregard of a high degree of probability of Plaintiff's emotional distress by, *inter alia*, subjecting him to an unsafe learning environment in the inherently dangerous field of aviation by having him perform solo night flights without prior sufficient training and by having him perform guided flights with an instructor under the influence of marijuana.

84.     Defendants also acted intentionally and outrageously by making Plaintiff feel worthless and targeting him for no reason other than for being a Muslim, an Arab, and an Egyptian. They dismissed Plaintiff without cause, prior notice, and without prior disciplinary action in violation of due process, placing a significant financial burden and upending Plaintiff's educational and career trajectory.

85.     Defendants' reckless and deliberate conduct, as well as their intentional and outrageous conduct to put Plaintiff in a hostile environment are the proximate cause of Plaintiff's distress.

86.     As a result of the wrongful actions of all Defendants complained of herein, Plaintiff has suffered damages in the form of humiliation, embarrassment, emotional distress,

physical injury, as well as money damages including but not limited to tuition fees and costs associated with flight training.

## SIXTH CLAIM FOR RELIEF
### (Negligence)

87.     Plaintiff repeats and realleges each and every allegation contained in paragraph "1" through "86" above with the same force and effect as if fully set forth herein.

88.     Mercer County Community College and Infinity Flight Group LLC, acting individually and in concert with each other, owed duties of care to Plaintiff, including but not limited to a duty of reasonable care in maintaining a safe flight program learning environment free of avoidable hazards.

89.     Mercer County Community College and Infinity Flight Group LLC, acting individually and in concert with each other, breached those duties owed to Plaintiff by *inter alia*, recommending that Plaintiff undertake an unguided night flight without prior proper training, and subject Plaintiff to flight instruction performed by instructors who were under the influence of marijuana at the time of flight.

90.     As a result of the wrongful actions of all Defendants complained of herein, Plaintiff has suffered damages in the form of fear of physical harm or death, anxiety,  emotional distress, as well as money damages including but not limited to tuition fees and costs associated with flight training.

## SEVENTH CLAIM FOR RELIEF
### (Negligent Hiring and Supervision)

91.     Plaintiff repeats and realleges each and every allegation contained in paragraph "1" through "90" above with the same force and effect as if fully set forth herein.

92.    Mercer County Community College and Infinity Flight Group LLC, acting individually and in concert with each other, owed duties of care to Plaintiff, including but not limited to a duty of reasonable care in maintaining a safe flight program learning environment free of avoidable hazards.

93.    Defendants' duties of care owed to Plaintiff also included a duty to ensure the proper hiring and supervision of employees necessary to maintain a safe flight program learning environment free of avoidable hazards.

94.    Defendants breached their duties of care owed to Plaintiff by failure to ensure the proper training and supervision of employees, exhibited *inter alia* by employees' negligent failure to effectively communicate FRAT form safety standards, employees' negligent failure to exercise proper supervision and guidance required on guided night flights, employees' negligent insistence that Plaintiff perform a solo night flight without proper training, and employees' grossly negligent operation of a plane while under the influence of marijuana with a student co-pilot on board.

95.    Mercer County Community College and Infinity Flight Group LLC, acting individually and in concert with each other, breached those duties owed to Plaintiff.

96.    As a result of the wrongful actions of all Defendants complained of herein, Plaintiff has suffered damages in the form of fear of physical injury and death,  humiliation, embarrassment, emotional distress, as well as money damages including but not limited to tuition fees and costs associated with flight training.

## EIGHTH CLAIM FOR RELIEF
### (Breach of Contract against Mercer County Community College)

97.    Plaintiff repeats and realleges each and every allegation contained in paragraph "1" through "96" above with the same force and effect as if fully set forth herein.

98.    Plaintiff and Mercer Community College entered into a contractual agreement for Mercer County Community College to provide an education to Plaintiff in the field of aviation, and maintaining a safe flight program learning environment free of harassment.

99.    Pursuant to the contract, Plaintiff made payments for tuition and other fees to Mercer County Community College in consideration for the benefits of the contract.

100.    Mercer County Community College is in material breach of its contractual obligations to Plaintiff in failing to provide an education to Plaintiff in the field of aviation, failing to maintain a safe flight program learning environment free of harassment, and discriminatorily dismissing Plaintiff on the basis of his religion, race, and national origin.

101.    Mercer County Community College's obligations and performance under the contract are not excused by its wrongful dismissal of Plaintiff. Therefore, Defendant is required to reimburse Plaintiff for payments made for tuition and other fees for failing to uphold its contractual obligations.

## NINTH CLAIM FOR RELIEF
### (Unjust Enrichment against Defendants)

102.    Plaintiff repeats and realleges each and every allegation contained in paragraph "1" through "101" above with the same force and effect as if fully set forth herein.

103.    Plaintiff conferred a benefit upon Defendants in the form of tuition and other fees paid throughout the term of his matriculation in exchange for educational services and flight instruction. In exchange for tuition and other fees paid, Plaintiff was entitled to an education to Plaintiff in the field of aviation, a safe flight program learning environment free of harassment, and an educational experience free of discriminatory dismissal on the basis of his religion, race, and national origin.

104.    Defendants voluntarily accepted and retained this benefit by accepting Plaintiff's payments for tuition and other fees. After paying for the full four semesters with only one semester to complete the program, Defendants intentionally and suddenly dismissed Plaintiff without a good-faith basis to gain unlawful economic advantage.

105.    Defendants have failed to provide an education to Plaintiff in the field of aviation, a safe flight program learning environment free of harassment, and an educational experience free of discriminatory dismissal on the basis of his religion, race, and national origin.

106.    It would be unjust and inequitable for Defendants to retain the benefit of Plaintiff's payments for tuition and other fees, and Defendants should be required to disgorge this unjust enrichment.

## TENTH CLAIM FOR RELIEF
### (Negligent Infliction of Emotional Distress)

107.    Plaintiff repeats and realleges each and every allegation contain in paragraphs "1" through paragraph "106" above with the same force and effect as if fully set forth herein.

108.    Mercer County Community College and Infinity Flight Group LLC, acting individually and in concert with each other, owed duties of reasonable care to Plaintiff, including but not limited to a duty of reasonable care in maintaining a safe flight program learning environment free of avoidable hazards.

109.    Mercer County Community College and Infinity Flight Group LLC, acting individually and in concert with each other, breached those duties owed to Plaintiff by *inter alia*, providing a safe environment, training and proper supervision rather than  recommending that Plaintiff undertake an unguided night flight without prior proper training. Dangerously, Defendants  subjected  Plaintiff to flight instruction performed by instructors who were under the

influence of marijuana at the time of flight. Such acts subjected Plaintiff to fear of personal injury or death and extreme emotional distress.

110.    Mercer County Community College and Infinity Flight Group, acting individually and in concert with each other, also breached duties of reasonable care owed to Plaintiff by proceeding without notice with a wrongful, unwarranted, and pretextual dismissal of Plaintiff from the Flight Program despite the absence of a disciplinary record which would merit dismissal.

111.    As a result of the wrongful actions of all Defendants complained of herein, Plaintiff has suffered damages in the form of humiliation, embarrassment, severe emotional distress, physical injury, as well as money damages including but not limited to tuition fees and costs associated with flight training.

112.    Defendants' breach of their duties of reasonable care to Plaintiff were the proximate cause of Plaintiff's injury.

## **PRAYER FOR RELIEF**

113.    WHEREFORE, Plaintiff respectfully requests that this court enter:

a.    A Declaratory Judgment declaring that the acts complained of herein violate the rights of Plaintiff guaranteed under Title VI of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000d et seq., and the New Jersey Law Against Discrimination, N.J.S.A. 10: 5-12;

b.    A Declaratory Judgment declaring that the acts complained of herein violate the Due Process rights in violation of Article 1, Paragraph 1 of the New Jersey State Constitution;

c.  A Judgment directing Defendants to reimburse and make Plaintiff whole for any and all tuition fees and other expenses paid by Plaintiff during the term of his matriculation;

d.  A Judgment granting Plaintiff compensatory and punitive damages in amounts to be determined at trial;

e.  A Judgment awarding Plaintiff double damages for Defendants' intentional discrimination;

f.  A Judgment granting Plaintiff's reasonable attorneys' fees and costs of suit, as provided under 42 U.S.C. § 1988, the New Jersey Law Against Discrimination, N.J.S.A. 10: 5-12, and the N.J.S.A Const. Art. 1;

g.  A Judgment granting Plaintiff such other and further relief as the Court deems just and proper.

## <u>JURY TRIAL DEMAND</u>

114.    Plaintiff hereby demands a trial by jury of all triable issues in this action.

Dated:  New York, New York
            December 10, 2024


                                        Respectfully submitted,

                                        /S/ Pantelis Gallis
                                        Omar T. Mohammedi, Esq.
                                        (*Pro Hac Vice* Admission Pending)
                                        Pantelis D. Gallis, Esq.
                                        (Admitted)
                                        Law Firm of Omar T. Mohammedi, LLC
                                        *Attorneys for Plaintiff*
                                        233 Broadway, Suite 820
                                        New York, New York 10279
                                        Telephone: (212) 725-3846