

**Rachel M. Dikovics**
Counsel

One Lowenstein Drive
Roseland, New Jersey 07068

T: (973) 597-2494
M: (973) 508-3405
E: rdikovics@lowenstein.com

February 13, 2025

**VIA ECF**

Hon. Georgette Castner, U.S.D.J.
United States District Court
District of New Jersey
Clarkson S. Fisher Bldg. & U.S. Courthouse
Trenton, New Jersey 08608

Re: Hazem Alseginy v. Mercer County Community College and Infinity Flight Group, LLC
No. 3:24-CV-11013-GC-JTQ

Dear Judge Castner:

This firm represents Defendant Infinity Flight Group, LLC ("IFG") in the above-referenced matter. We write pursuant to Your Honor's Individual Procedure Requirements to request a pre-motion conference regarding IFG's proposed Motion to Dismiss Plaintiff's Complaint (the "Proposed Motion"). IFG seeks to file the Proposed Motion because, as detailed below, IFG is not a proper party to this suit and, even if it were, the Complaint fails to allege that IFG caused Plaintiff any harm whatsoever, and instead relies on impermissible group pleading and conclusory statements that fall short of the federal pleading standards. Accordingly, IFG respectfully requests that the Court permit it to file the Proposed Motion or schedule a conference to discuss the Proposed Motion.

*Background.* Plaintiff was enrolled as a student in the Mercer County Community College ("MCCC") Aviation Program (the "Flight Program") from September 2022 through spring 2024, when MCCC dismissed him from the Flight Program. (*See* Compl. ¶¶ 13, 22-23, 26-27.) IFG, a private flight training school (*see id.* ¶ 10), leases aircraft and operational space to MCCC for the Flight Program. Critically, it has no other role vis-à-vis the Flight Program or its students. It is therefore unsurprising that the Complaint contains only one allegation that identifies IFG: in Paragraphs 22 and 23, Plaintiff falsely claims that IFG President Gregory John was present at a February 4, 2024 meeting during which Plaintiff was allegedly dismissed from the Flight Program. (*See id.* ¶¶ 22-23.)

In reality, neither Mr. John nor any other IFG representative attended the February 4, 2024 meeting. Indeed, Mr. John was not even present in the State of New Jersey on that date. Moreover, IFG has no role in the admission, evaluation, matriculation, or dismissal of MCCC students in the Flight Program, and all Flight Program instructors are employed by MCCC, not IFG. The above was communicated to Plaintiff's counsel after IFG was served with the Complaint, warning that this litigation is frivolous as to IFG. Nevertheless, Plaintiff refused to withdraw his claims against IFG. Our forthcoming Rule 11 application is for another day, but it is unsurprising in light of the above that Plaintiff is unable to state a well-pled claim in these circumstances.

Hon. Georgette Castner  February 13, 2025
Page 2

Plaintiff's claims against IFG include (1) discrimination in violation of Title VI of the Civil Rights Act of 1964 ("Title VI") and the New Jersey Law Against Discrimination ("NJLAD"); (2) disparate treatment in violation of Title VI and the NJLAD; (3) retaliation in violation of Title VI and the NJLAD; (4) intentional infliction of emotional distress; (5) negligence; (6) negligent hiring and supervision; (7) unjust enrichment; and (8) negligent infliction of emotional distress. The Proposed Motion will show that Plaintiff has failed to plausibly plead the necessary elements of these claims as to IFG and the Complaint should therefore be dismissed. *See Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). The claims fail for the following reasons (among others).

***Plaintiff engages in impermissible group pleading throughout the Complaint.*** "Even under the most liberal notice pleading requirements of Rule 8(a), a plaintiff must differentiate between defendants" so that each defendant is "on notice of the allegations against them." *Shaw v. Housing Auth. of Camden*, No. 11-4291, 2012 WL 3283402, at *2 (D.N.J. Aug. 10, 2012); *see also Pietrangelo v. NUI Corp.*, No. 04-3223, 2005 WL 1703200, at *10 (D.N.J. Jul. 20, 2005) (finding that "referring to all defendants collectively as 'Defendants'" rendered allegations "so general that [the complaint] fail[ed] to put the various defendants on notice of the allegations against them."). Here, only two allegations in the Complaint specifically refer to IFG (Paragraphs 22 and 23), and they only allege presence at a meeting. The Complaint therefore violates Rule 8(a) as to IFG and should be dismissed.

***The Complaint does not plausibly allege discrimination, disparate treatment, or retaliation by IFG.*** Claims of discrimination, disparate treatment, or retaliation under Title VI all require a showing of "intentional discrimination." *See Pryor v. Nat'l. Collegiate Athletic Ass'n.*, 288 F.3d 548, 562 (3d Cir. 2002). But the Complaint is completely devoid of any allegations that IFG engaged in any acts or omissions that could constitute discrimination; indeed, other than the allegations in Paragraph 22 and 23, there are no allegations about IFG at all. (*See* Compl. ¶¶ 67, 71, 75.) Further, Plaintiff has not made a prima facie showing of discrimination or identified any discriminatory "decision" made by IFG – indeed, none exists – so the NJLAD claim also fails at the outset. *See Mandel v. UBS / PaineWebber, Inc.*, 373 N.J. Super. 55, 69 (App. Div. 2004). For these reasons, which will be addressed in more detail in the Proposed Motion, Counts One through Three should be dismissed as to IFG.

***The Complaint fails to adequately plead the elements of intentional or negligent infliction of emotional distress.*** To assert a claim for intentional infliction of emotional distress, a plaintiff must allege intentional acts by a defendant that were "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community"; that the defendant's actions were the proximate cause of the plaintiff's emotional distress; and that the plaintiff's emotional distress was "so severe that no reasonable person could be expected to endure it." *Soliman v. Kushner Cos., Inc.*, 433 N.J. Super. 153, 177 (App. Div. 2013) (citations and internal quotation marks omitted); *see also Angle v. U.S.*, No. 12-2495, 2012 WL 6708165, at *4 (D.N.J. Dec. 21, 2012) (same). By any metric, none of the allegations in the Complaint rise to the level of being so "outrageous" or "extreme" that they would plausibly support this claim. This failure requires the dismissal of Count Five. Moreover, the Complaint fails to state a claim for negligent infliction of emotional distress, which requires that a plaintiff suffer "substantial bodily injury or sickness [that] resulted from the fright" of being within the "zone of risk" created by the defendant's negligent conduct. *Jablanowska v.*

Hon. Georgette Castner   February 13, 2025
Page 3

*Suther*, 195 N.J. 91, 103 (2008) (where "fright does not cause substantial bodily injury or sickness, it is to be regarded as too lacking in seriousness and too speculative to warrant the imposition of liability."). As a threshold matter, Plaintiff fails to allege any "substantial body injury or sickness." For this reason alone, Count Ten should be dismissed.

***The negligence and negligent supervision and hiring claims fail as to IFG.*** "The fundamental elements of a negligence claim are a duty of care owed by the defendant to the plaintiff, a breach of that duty by the defendant, injury to the plaintiff proximately caused by the breach, and damages." *G.A.-H. v. K.G.G.*, 238 N.J. 401, 413 (2019). Plaintiff does not allege, nor could he, that IFG owed a duty of care to Plaintiff. Indeed, there is no direct connection between IFG and Plaintiff. IFG leases aircraft to MCCC, which MCCC uses in its Flight Program, which is taught by MCCC employees. Accordingly, Count Six must be dismissed as to IFG. Similarly, negligent supervision and hiring claims are asserted against an employer based on an employee's conduct, and require the plaintiff to "show: (1) that the employer knew or had reason to know of the particular unfitness, incompetence or dangerous attributes of the employee and could reasonably have foreseen that such qualities created a risk of harm to other persons and (2) that, through the negligence of the employer in hiring the employee, the latter's incompetence, unfitness or dangerous characteristics proximately caused the injury." *See id.* at 416 (internal quotation marks omitted). As noted above, Plaintiff asserts no allegations against IFG except his false contention that Mr. John was present at a meeting. Count Seven therefore warrants dismissal as to IFG.

***Plaintiff's unjust enrichment claim fails to plead the "benefit" element.*** "To establish unjust enrichment, a plaintiff must show both that defendant received a benefit and that retention of the benefit without payment would be unjust." *VRG Corp. v. GKN Realty Corp.*, 135 N.J. 539, 554 (1994). Plaintiff alleges that the benefit conferred upon "Defendants" was his "tuition and other fees." (Compl. ¶ 103.) Students in MCCC's Flight Program do not pay tuition or fees to IFG; they pay them to MCCC. There is nothing pled to the contrary. Accordingly, IFG received no benefit from Plaintiff and Count Nine should be dismissed as to IFG.

***The Court should grant IFG leave to file the Proposed Motion and dismiss the Complaint with prejudice.*** As detailed above, IFG simply had nothing to do with the alleged acts and omissions of which Plaintiff complains. And because no amendment can alter that simple and undeniable fact, the Complaint should be dismissed with prejudice. *See U.S. ex rel. Schumann v. Astrazeneca Pharms. L.P.*, 769 F.3d 837, 849 (3d Cir. 2014). IFG therefore respectfully requests leave to file the Proposed Motion.

Respectfully submitted,

*s/ Rachel M. Dikovics*
Rachel M. Dikovics

cc:    All counsel of record (via ECF)