## SALMON, RICCHEZZA, SINGER & TURCHI, LLP

| | | |
|---|---|---|
| MICHELE L. WECKERLY<br>215-606-6627<br>mweckerly@srstlaw.com | www.srstlaw.com | 1601 MARKET STREET<br>SUITE 2500<br>PHILADELPHIA, PA 19103<br><br>TELEPHONE: 215-606-6600<br>FAX: 215-606-6601 |

**VIA ECF FILING**
February 14, 2025

Honorable Georgette Castner
United States District Court, District of New Jersey
Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street
Trenton, NJ 08608

Re: Hazem Alseginy v. Mercer County Community College and Infinity Flight School
UDSC Docket No. 3:24-cv-11013

Dear Judge Castner:

I represent the Defendant Mercer County Community College ("MCCC") in the above referenced matter. I submit this letter requesting a pre-motion conference in lieu of immediately filing a partial motion to dismiss per your Honor's procedures. MCCC is a community college that offered an aviation flight program in conjunction with co-Defendant Infinity Flight School. Plaintiff alleges a variety of statutory and tort claims based upon his alleged discriminatory dismissal from the aviation flight program. MCCC seeks partial dismissal Plaintiff's Complaint and offers the following basis for the dismissal of the above claims:

### 1. Gist of the Action and Economic Loss Doctrine

In New Jersey, under the "gist of the action" doctrine in New Jersey, "a 'dispute [that] clearly arises out of and relates to [a] contract and its breach' sounds in contract and not in tort." *Stewart Title Guar. Co. v. Greenlands Realty, L.L.C.*, 58 F. Supp. 2d 370, 386 (D.N.J. 1999) (quoting *Wasserstein v. Kovatch*, 261 N.J. Super. 277 (App. Div. 1993); *see also Pickett v. Lloyd's*, 131 N.J. 457, 474 (1993) ("Because we view the cause of action as sounding more in contract than in tort, we believe that the familiar principles of contract law will suffice to measure the damages."). Further, "[i]t has, thus, consistently been held that an independent tort action is not cognizable where there is no duty owed to the plaintiff other than the duty arising out of the contract itself." *International Minerals & Mining Corp. v. Citicorp N. Am., Inc.*, 736 F. Supp. 587, 597 (D.N.J. 1990).

In *International Minerals & Mining Corp.*, a lender liability matter, the court stated that "[i]t has long been the law that remedies in tort relating to a breach of contract may not be maintained in addition to those established under the contract itself in the absence of any independent duty owed by the breaching party to the plaintiff." *Id*. "Indeed, it is fundamental that a party's

Honorable Georgette Castner
February 14, 2025

liability for breach should be governed strictly by the application of foreseeable damages stemming from the establishment of the contractual relationship." *Id.*

The economic loss doctrine evolved as part of the common law "as an effort to establish the boundary line between contract and tort remedies." *Dean v. Barrett Homes, Inc.*, 204 N J. 286, 295 (2010). The doctrine "bars tort remedies in strict liability or negligence when the only claim is for" economic loss, as opposed to physical injury or property damage. Id. In sum, the economic loss doctrine bars negligence claims when the party asserting the action has a contractual remedy, thereby maintaining a boundary between contract and tort law and preventing amplified exposure to the party responsible for the loss. See *Travelers Indem. Co. v. Dammann & Co.*, 594 F.3d 238, 248 (3d Cir. 2010). As the Appellate Division has explained "a dispute [that] clearly arises out of and relates to [a] contract and its breach should be resolved pursuant to contract law rather than tort law. *See Wasserstein v. Kovatch*, 261 N.J. Super. 277, 286, 618 A.2d 886 (App. Div. 1993). Further, it is well-settled New Jersey law that "a tort remedy does not arise from a contractual relationship unless the breaching party owes an independent duty imposed by law." *See Saltiel v. GSI Consultants, Inc.*, 170 N.J. 297, 316, 788 A.2d 268 (2002).

In this matter, Plaintiff asserts a breach of contract claim as to MCCC in Count 8 of his Complaint. But Plaintiff also asserts claims for tort violations alleging intentional infliction of emotional distress (Count 5), negligence (Count 6), negligent hiring and supervision (Count 7) and negligent infliction of emotional distress (Count 10) in his Complaint. Notably those tort claims, per his Complaint, all flow from the contractual relationship between him and MCCC wherein he was to be provided with training in an aviation flight program. Plaintiff even seeks as damages reimbursement to tuition fees and costs associated with the flight training program in those tort counts. Thus, Plaintiff should be limited to his contractual claims and not the tort remedies he is also seeking and as such, his claims for intentional infliction of emotional distress (Count 5), negligence (Count 6), negligent hiring and supervision (Count 7) and negligent infliction of emotional distress (Count 10) should be dismissed.

   2. **New Jersey Tort Claims Act.**

As a community college in New Jersey, Defendant MCCC is a public entity for the purposes of the New Jersey Claims Act.("NJTCA") *See Tompkins v. Cty. of Mercer*, 2020 N.J. Super. Unpub. LEXIS 1596 (Super. Ct. App. Div. Aug. 12, 2020)(holding defendant, including park that contained Mercer County Community College was a public entity for the purposes of the NJTCA). Under the NJTCA, an individual may not sue a public entity or unless he presents the entity with a pre-suit notice of the claim. N.J.S.A. 59:8-3. The NJTCA states, "no action shall be brought against a public entity or public employee under this act unless the claim upon which it is based shall have been presented in accordance with the procedure set forth in this chapter." Notices of claim must "at the very minimum" be in writing. *Velez v. City of Jersey City*, 358 N.J. Super. 224, 238 (App. Div. 2003), affd., 180 N.J. 284 (2004). The filing of a complaint is not a substitute for the Act's notice requirements. *Guzman v. City of Perth Amboy*, 214 N.J. Super. 167, 171-72 (App. Div. 1986).

Honorable Georgette Castner
February 14, 2025

A notice of claim must be presented no later than ninety days after the accrual of the action and must provide specific information about the claimant and his injury. See N.J.S.A. 59:8-8 and 8-4. Specifically, a notice of claim must contain: the claimant's name and address, the address to which the claimant wants notices to be sent; the date, place, and other circumstances of the occurrence giving rise to the claim; a description of the injury, damage or loss incurred; the name of the public entity or employee causing the injury, damage or loss, if known; and the amount claimed. See N.J.S.A. 59:8-4. The NJTCA's requirements are strictly construed. *McDade v. Siazon,* 208 N.J. 463, 474 (2011).

In this matter, Plaintiff did not file a tort claims notice and certainly did not include in his Complaint that one was served on MCCC. Accordingly, the torts claim by Plaintiff for intentional infliction of emotional distress (Count 5), negligence (Count 6), negligent hiring and supervision (Count 7) and negligent infliction of emotional distress (Count10) should be dismissed due to Plaintiff's failure to abide by the New Jersey Tort Claims Act.

### 3. Unjust Enrichment

To establish a cause of action for unjust enrichment, a plaintiff must show both that the defendant received a benefit and that retention of the benefit by defendant would be unjust. *Castro v. NYT Television*, 851 A.2d 88 (App. Div. 2004); *VRG Corporation v. GKN Realty Corporation*, 641 A.2d 519 (N.J. 1994); *Iliadis v. Wal-Mart Stores, Inc.*, 922 A.2d 710 (N.J 2007). It is important to note that New Jersey law prohibits a quasi-contractual claim for unjust enrichment where there is no dispute as to the existence of a contract that governs the parties' relationship. *See Shalita v. Twp. of Wash.*, 270 N.J. Super. 84, 90-91, (App. Div. 1994), *Nat'l Amusements, Inc. v. N.J. Tpk. Auth.*, 261 N.J. Super. 468, 478, (Law Div. 1992), *aff'd*, 275 N.J. Super. 134 (App. Div. 1994) (if a contract exists between the parties, unjust enrichment is inapplicable.)

As argued above, Plaintiff asserts a breach of contract claim in Count 8 of his Complaint. Thus, he cannot also assert a quasi-contractual claim for unjust enrichment in Count 9 of his Complaint and it should be dismissed. For the above reasons, Defendant MCCC seeks a pre-motion conference to further discuss this matter.

Very truly yours,

SALMON, RICCHEZZA, SINGER & TURCHI LLP

By: *s/Michele L. Weckerly*
    Michele L. Weckerly

MLW/

4904-0435-6121, v. 1