

LAW FIRM OF
OMAR T. MOHAMMEDI, LLC

233 BROADWAY, SUITE 820
WOOLWORTH BUILDING
NEW YORK, NY 10279
PHONE (212) 725-3846
FACSIMILE (212) 202-7621
WWW.OTMLAW.COM

PANTELIS D. GALLIS, ESQ.
DIRECT DIAL: (212) 725-3846 x102
EMAIL: PGALLIS@OTMLAW.COM

ADMITTED: NEW YORK, NEW JERSEY,
U.S.D.C. SOUTHERN DISTRICT OF NEW YORK,
U.S.D.C. EASTERN DISTRICT OF NEW YORK,
U.S.D.C. DISTRICT OF NEW JERSEY

February 18, 2025

**VIA ECF**
The Honorable Georgette Castner, U.S.D.J.
United States District Court, District of New Jersey
Clarkson S. Fisher Building & U.S. Courthouse
402 E. State Street
Trenton, NJ 08608

   Re: **Hazem Alseginy v. Mercer County Community College and Infinity Flight Group LLC. (3:24-cv-11013-GC-JTQ)**

Dear Judge Castner,

  This firm represents Plaintiff Hazem Alseginy in the above-referenced matter. We write in response to Defendants' respective letters of February 13th and 14th (ECF Docs. Nos. 8, 13) which both seek Your Honor's leave to file motions to dismiss, or in the alternative hold a pre-motion conference. For the reasons to be explained in this correspondence, Plaintiff's position is that Defendants' respective potential motions to dismiss would be premature occupancies of this Court's resources at this juncture. To the degree that Your Honor determines that a pre-motion conference is warranted, we welcome the opportunity to explain our position further.

  1. Motion to Dismiss Legal Standard

  "On a motion to dismiss, a court must 'accept all factual allegations in the complaint as true and view them in the light most favorable to the plaintiff." Doe v. Princeton Univ., 30 F.4th 335, 339 (3d Cir. 2022), citing Umland v. PLANCO Fin. Servs., Inc., 542 F.3d 59, 64 (3d Cir. 2008). "[A] court reviewing a motion to dismiss must examine the plausibility of 'allegations in the complaint." Doe v Princeton Univ., 30 F.4th 335, 345 (3d Cir. 2022), citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). "Factual claims and assertions raised by a defendant are not part of that scrutiny. Otherwise, every motion to dismiss would become one for summary judgment…" Doe v. Princeton Univ., 30 F.4th 335, 339 (3d Cir. 2022), citing Bruni v. City of Pittsburgh, 824 F.3d 353, 361 (3d Cir. 2016).

  2. Defendant Infinity Flight Group's Letter (ECF Doc. No. 8)

  Plaintiff Hazem Alseginy was a student enrolled in an aviation flight program jointly offered by Defendants Mercer County Community College ("MCCC") and Infinity Flight Group LLC ("IFG") (the "Flight Program") until the date of his wrongful termination. IFG, in its letter of February 13, 2025, to Your Honor, represents its role in the provision of the Flight Program as

constrained to leasing aircraft and operational space to MCCC. (ECF No. 8). MCCC's letter of February 14, 2025, is contradictory, relating that "MCCC is a community college that offered an aviation flight program in conjunction with co-Defendant Infinity Flight School." (ECF No. 13).

The Flight Program having been offered *in conjunction* by Defendants suggests that IFG was more than a mere vendor of aircraft and operational space to MCCC. Defendants' two letters contradict each other as to the nature of their relationship, and raise more factual questions than they provide answers. This only serves to underline the degree to which discovery is necessary to illuminate the relationship between MCCC and IFG in the provision of the Flight Program.

IFG's purported grounds in seeking leave to file its motion to dismiss are factual, going to the relationship between IFG and MCCC in providing the Flight Program. This does not comport with the Rule 11(b)(6) standard. Claims in the Complaint enumerated against IFG and MCCC were alleged jointly, because the Flight Program was a joint venture between the Defendants. IFG's conclusory factual interpositions purporting to illuminate the nuances of that relationship should not be credited by this Court as a basis for leave to file a motion to dismiss. IFG's reliance on purely factual contentions makes clear that IFG cannot prevail on a motion to dismiss. The controlling standard takes the factual allegations in the complaint as true and in the light most favorable to the plaintiff.

IFG has written separately to your undersigned to relate these same factual contentions, in a letter threatening to bring a motion for sanctions if it is not released from this action. (**See, Exhibit A,** IFG's Letter to Plaintiff dated January 28, 2025). There, IFG styled its contentions to be taken at its own say-so without any substantiating documentation which would normally provide Plaintiff with a basis to limit or withdraw claims against IFG. We answered accordingly, raising our concerns with IFG's approach. (**See, Exhibit B**, Plaintiff's Letter to IFG dated January 29, 2025, with enclosure). We find it deeply concerning that IFG has resorted to hardball intimidation tactics, reiterating its reference to sanctions in its latest correspondence to Your Honor.

3. Defendant Mercer County Community College's Letter (ECF No. 13)

In MCCC's letter of February 14, 2025, (ECF No. 13) MCCC cites to *Tompkins* for the proposition that Defendant MCCC is a public entity for the purposes of the New Jersey Tort Claims Act ("NJTCA"), in furtherance of MCCC's larger argument that Plaintiff has not complied with the notice formalities of the NJCTA. *Tompkins* presents as a premises liability matter where plaintiff therein was injured at the Mercer County Dog Park. There, the Court held Defendants immune from claims under the NJTCA. Tompkins v. Cty. of Mercer, 2020 N.J. Super. Unpub. LEXIS 1596 (Super. Ct. App. Div. Aug. 12, 2020). Conversely, here, the Flight Program was offered in conjunction with co-Defendant IFG, a private enterprise. According to IFG, a percentage of instruction was conducted at IFG's premises, not on-site at MCCC. It is not clear at this juncture to what degree MCCC's and IFG's joint-venture in the provision of the Flight Program constitutes a private or public venture.

Presuming that the Flight Program was a public venture to which the notice requirements of the NJCTA apply, MCCC did have sufficient notice of Plaintiff's claims. "But, as for 'local public entit[ies],' defined as including all public bodies except the State, N.J.S.A 59:8-2, the Act

requires only that the notice of claim be filed with 'that entity[.]" Bryant v. County of Cumberland, 472 N.J. Super. 626, 628 (Super. Ct. App. Div. 2022). "Substantial compliance with the requirements of the Tort Claims Act is all that is necessary to perfect a claim." Madjar v. New Jersey Dept. of Corr., 1993 U.S. Dist. LEXIS 6166 (DNJ Apr. 5, 1993, Civil No. 92-5265 (CSF), citing Tuckey v. Harleysville Ins. Co., 236 N.J. Super. 221, 225 (App. Div. 1989). "[S]ubstantial compliance means that the notice has to be given in a way, which though technically defective, substantially satisfied the purposes for which notices of claims are required." Madjar v. New Jersey Dept. of Corr., 1993 U.S. Dist. LEXIS 6166 (DNJ Apr. 5, 1993, Civil No. 92-5265 (CSF), citing Navarro v. Rodriguez, 202 N.J. Super. 520, 530 (Law Div. 1984)

Plaintiff has provided MCCC with substantially compliant notice of this lawsuit prior to its filing. Such notice was given within 90-days of Plaintiff's wrongful dismissal from the Flight Program as required by the NJTCA. On May 24, 2024, the undersigned firm wrote to MCCC requesting a full tuition refund as redress for wrongful dismissal and tortious acts, enumerating the factual precedent for the claims made in this action. (**See, Exhibit C**, Plaintiff's letter to MCCC, dated May 7, 2024). College Counsel to MCCC responded to that letter on May 22, 2024, stating "…we are confident in our position and, should you choose to litigate, we intend to defend it vigorously." (**See, Exhibit D**, MCCC's letter to Plaintiff, dated May 22, 2024). MCCC's contention now that it was not on notice of Plaintiff's claims is mistaken, as MCCC's response letter directly contemplates and makes reference to the within action.

For the reasons enumerated herein, Plaintiff opposes Defendants' requests for leave to bring motions to dismiss and respectfully requests that they be denied.

Respectfully Submitted,

/S/ Pantelis Gallis
Pantelis D. Gallis, Esq.
Law Firm of Omar T. Mohammedi, LLC
*Attorneys for Plaintiff Hazem Alseginy*
233 Broadway, Suite 820
New York, New York 10279
Telephone: (212) 725-3846

CC: All Counsel of Record Via ECF