# EXHIBIT A



**Rachel M. Dikovics**
Counsel

One Lowenstein Drive
Roseland, New Jersey 07068

T: (973) 597-2494
M: (973) 508-3405
E: rdikovics@lowenstein.com

January 28, 2025

**VIA EMAIL AND FEDEX**

Pantelis D. Gallis, Esq.
Law Firm of Omar T. Mohammedi, LLC
2323 Broadway, Suite 280
New York, NY 10279
pgallis@otmlaw.com

Re:   Hazem Alseginy v. Mercer County Community College and Infinity Flight Group, LLC

Dear Mr. Gallis:

We represent Infinity Flight Group, LLC ("IFG") in the above-referenced matter. We hereby demand that you withdraw the frivolous complaint ("Complaint") that you have filed on behalf of your client, Hazem Alseginy ("Alseginy"), against Defendant IFG. The Complaint lacks any basis in law or fact as to IFG. Pursuant to Federal Rule of Civil Procedure 11 ("Rule 11"), we demand that you immediately withdraw the Complaint against IFG. If you do not withdraw the Complaint within seven days of receipt of this letter, we will seek Rule 11 sanctions against you and your firm.

***The Rule 11 Standard.***   Under Rule 11(b), "[b]y presenting to the court a pleading . . . an attorney . . . certifies that to the best of" his "knowledge, information, and belief, formed after an inquiry reasonable under the circumstances" that "the claims . . . are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law." In filing pleadings, an attorney further certifies that "the factual contentions have evidentiary support." Rule 11 sanctions are "aimed at curbing abuses of the judicial system," and are "intended to discourage the filing of frivolous, unsupported, or unreasonable claims."[1]  "Subjective good faith on the part of the attorney is insufficient to avoid sanction."[2]

***The Complaint Against IFG Violates Rule 11.***  Plaintiff's allegations are based almost exclusively on alleged interactions he had with and decisions made by instructors and administrators of Mercer County Community College ("MCCC"). MCCC and IFG are not interchangeable, and "group pleading" is improper. IFG leases the physical aircrafts to MCCC that *MCCC* uses for *MCCC's* Flight Program. The MCCC Flight Program is taught by *MCCC* employees, not IFG. As detailed below, the only two allegations Plaintiff asserts against IFG and its staff – in Paragraphs 22 and 23

---

[1] *Sosinavage v. Thomson*, No. CV 14-3292 (JBS-AMD), 2019 WL 494824, at *3 (D.N.J. Feb. 8, 2019).
[2] *Id*.

Pantelis D. Gallis, Esq.  January 28, 2025
Page 2

– are demonstrably false. Plaintiff's allegations against IFG in the Complaint are patently frivolous and not supported by existing law or fact, as is clear from the below[3]:

1. Plaintiff fails to allege that IFG caused Alseginy any harm or that IFG had any role in affecting his dismissal from MCCC's Flight Program. In Paragraph 22, Plaintiff falsely alleges that on February 4, 2024, Gregory John, the president of IFG, attended a meeting with Alseginy and others during which Alseginy was allegedly dismissed from the Flight Program. The allegation is factually untrue as neither Mr. John nor anyone else from IFG attended the meeting. Indeed, Mr. John was not even present in the State of New Jersey on that date. Mr. John is willing to provide a sworn affidavit stating that neither he nor anyone else from IFG attended this meeting. Likewise, Plaintiff alleges in Paragraph 23 that at the meeting, "Defendants verbally dismissed [Alseginy.]" Again, neither Mr. John nor anyone else from IFG was present, IFG had no role at this meeting, nor did IFG have any authority to dismiss students from MCCC's Flight Program. Paragraphs 22 and 23 are the only paragraphs that reference IFG. In short, IFG has absolutely nothing to do with this matter. Each of Alseginy's claims against IFG is therefore frivolous.

2. Plaintiff's Complaint is completely devoid of any factual or legal basis to assert claims against IFG under Title VI of the Civil Rights Act of 1964 and the New Jersey Law Against Discrimination for "discrimination," "disparate treatment," and "retaliation" by IFG against Alseginy allegedly "on the basis of his race, religion, and national origin."[4] The idea that Alseginy's race, religion, or nationality had any role in his dismissal from MCCC's Flight Program or treatment within it is pure speculation. Plaintiff fails to identify even a single act or omission by IFG or any of its staff that could support any one of these claims, and – even taking every allegation in the Complaint as true – fails to allege with the requisite specificity *any* connection between Alseginy's dismissal from MCCC's Flight Program and his race, religion, or nationality. Counts One through Three are therefore frivolous against IFG and must be withdrawn as to IFG.

3. Plaintiff also fails to allege the essential elements of intentional infliction of emotional distress against IFG. To assert a claim for intentional infliction of emotional distress, a complaint must allege intentional acts by a defendant that were "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community"; that the defendant's actions were the proximate cause of the plaintiff's emotional distress; and that the emotional distress must be "so severe that no reasonable person could be expected to endure it."[5] Here, Plaintiff fails to allege any factual basis for a claim against IFG beyond the demonstrably false allegations in Paragraphs 22 and 23. Count Five is therefore frivolous and must be withdrawn as to IFG.

---

[3] Counts Four and Eight are omitted from this list because they assert claims only against MCCC.
[4] *See* Complaint ¶¶ 67, 71, 75.
[5] *Soliman v. Kushner Cos., Inc.*, 433 N.J. Super. 153, 177 (App. Div. 2013) (citations and internal quotation marks omitted).

Pantelis D. Gallis, Esq.                                                                                                 January 28, 2025  
Page 3

4. Plaintiff also fails to allege any factual or legal basis for his claim of negligence against IFG. "The fundamental elements of a negligence claim are a duty of care owed by the defendant to the plaintiff, a breach of that duty by the defendant, injury to the plaintiff proximately caused by the breach, and damages."[6] Alseginy does not allege, nor could he, that IFG owed a duty of care to Alseginy. Indeed, there is no direct connection between IFG and Alseginy. IFG leases aircraft to MCCC, which MCCC uses in its Flight Program, which is taught by MCCC employees. Accordingly, Count Six is frivolous and must be withdrawn as to IFG.

5. Plaintiff's claims for negligent supervision and hiring are also devoid of any factual or legal support against IFG. Negligent supervision and hiring claims are asserted against an employer based on an employee's conduct, and require the plaintiff to "show: (1) that the employer knew or had reason to know of the particular unfitness, incompetence or dangerous attributes of the employee and could reasonably have foreseen that such qualities created a risk of harm to other persons and (2) that, through the negligence of the employer in hiring the employee, the latter's incompetence, unfitness or dangerous characteristics proximately caused the injury."[7] As noted above, Plaintiff asserts no allegations against IFG except his false contention that Mr. John was present at a meeting that he demonstrably did not and could not have attended. Count Seven is frivolous and must be withdrawn as to IFG.

6. Finally, Plaintiff fails to allege unjust enrichment against IFG. "To establish unjust enrichment, a plaintiff must show both that defendant received a benefit and that retention of the benefit without payment would be unjust."[8] Here, Plaintiff alleges that the benefit Alseginy conferred upon "Defendants" was his "tuition and other fees." Students in MCCC's Flight Program do not pay tuition or fees to IFG. IFG received no benefit from Alseginy. Accordingly, Count Nine is frivolous and must be withdrawn as to IFG.

In sum, the Complaint fails to allege that IFG or its employees engaged in any acts or omissions that caused your client harm. Your frivolous lawsuit is not supported by existing law. Because the Complaint violates Rule 11 as to Defendant IFG, we urge you to withdraw it immediately. If you do not do so within seven days of receipt of this letter, we will be compelled to seek sanctions pursuant to Rule 11.

Please be guided accordingly.

Sincerely,

*s/ Rachel M. Dikovics*

Rachel M. Dikovics

---

[6] *G.A.-H. v. K.G.G.*, 238 N.J. 401, 413 (2019).  
[7] *See id.* at 416 (internal quotation marks omitted).  
[8] *VRG Corp. v. GKN Realty Corp.*, 135 N.J. 539, 554 (1994).